IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

               Plaintiff,

   Vs.                           Nos.  10-40035-01-SAC
                                       11-4083-SAC

DION M. LEE-SPEIGHT,

               Defendant.

MEMORANDUM AND ORDER

       This case is before the court on the defendant Dion M. Lee-

Speight's motion for relief pursuant to 28 U.S.C. § 2255 (Dk. 57) supported

by his memorandum (Dk. 58) and supplemental authority (Dk. 59).  The

government has filed its response opposing the motion.  (Dk. 61).  The

defendant filed his reply to the government's opposition.  (Dk. 62).  The

case is ready for decision.

**BACKGROUND**

       Based on the events of a traffic stop on November 10, 2009, the

grand jury returned an indictment on March 10, 2010, charging the

defendant with one count of possession with the intent to distribute

marijuana  in violation of 21 U.S.C. § 841(a)(1), one count of being a felon

in possession of a firearm in violation of 18 U.S.C. § 922(g) with reference to

the general penalty provision in § 924(a)(2) and to the penalty provision in

the Armed Career Criminal Act ("ACCA") § 924(e), and one count of possession a firearm in furtherance of a drug trafficking act in violation of 18 U.S.C. § 924(c).  His appointed counsel filed and zealously presented a motion to suppress all evidence seized from the traffic stop based on a challenge to the lawfulness of the stop.  (Dk. 12).  After the evidentiary hearing, the court denied the motion.  (Dk. 22).  The government subsequently filed an information pursuant to 21 U.S.C. § 851 disclosing its intent to rely for sentencing purposes on the defendant's prior state conviction in September of 2005 for sale of an opiate/narcotic.  (Dk. 24).

On August 3, 2010, the defendant entered a plea of guilty to count one pursuant to a plea agreement that included the government's agreement to move for the dismissal of the other two counts.  (Dks. 25 and 26).  His appointed counsel asked for the sentencing to be continued and for the court to grant counsel's motion to withdraw.  (Dks. 30 and 33).  The court granted both motions.  (Dks. 31 and 36).  The court appointed new counsel for the defendant.  (Dk. 35).  The presentence investigation report ("PSR") was timely filed.  Because the defendant met the requirements for a career offender within the meaning of U.S.S.G. § 4B1.1, his advisory guideline sentencing range was 77 to 96 months.  Following the terms of the plea agreement, the government recommended a sentence of 96 months. On December 1, 2010, the court sentenced the defendant to a term of 96

months' imprisonment on count one, and it dismissed the other two counts. (Dks. 43 and 44). The judgment was entered on December 6, 2010. (Dk. 44).

The defendant filed a *pro se* notice of appeal on January 10, 2011. The defendant was incarcerated in the Leavenworth Detention Center at the time and mailed the notice of appeal from that facility. The envelope was postmarked January 7, 2011. As the Tenth Circuit docket reflects, the defendant's appointed trial counsel was written on January 13, 2011, and informed of his obligations before the appellate court. On January 21, 2011, the government filed a motion to dismiss the appeal as untimely filed. Appointed counsel entered his appearance before the Tenth Circuit on January 27, 2011, and then filed the required docketing statement and the acknowledgment of transcript order. Counsel then moved to withdraw and requested the appointment of new counsel for the appeal. The Tenth Circuit denied this motion without prejudice to its renewal following counsel's filing of a response to the government's motion to dismiss. The defendant filed a *pro se* response to the motion to dismiss on February 14, 2011, that is replete with legal citations and that asserts his counsel was ineffective in not filing a notice of appeal. His appointed counsel then filed a motion for extension of time to file a response on behalf of the defendant. Counsel's motion was granted on February 15, 2011. Before ever filing a response,

the counsel renewed his motion to withdraw and supplemented it with a handwritten letter from the defendant indicating he no longer wished for his sentencing counsel to represent him on appeal. The Tenth Circuit entered an order on March 1, 2011, granting the counsel's motion to withdraw and granting the government's motion to dismiss. The Tenth Circuit therein noted the defendant had raised an ineffective assistance of counsel issue that "should be raised in his 28 U.S.C. § 2255 motion." (Dk. 52, p. 2).

Now pending before the district court is the defendant's motion for relief pursuant to 28 U.S.C. § 2255. The defendant has filed this motion within the applicable one-year limitations period.

**ISSUES**

The defendant's motion advances three principal issues. First, his sentencing counsel was ineffective in failing to file a notice of appeal as the defendant had requested. Second, the defendant admitted at the time of his plea to possessing a small amount of marijuana that was insufficient to sustain his plea and conviction for possession with the intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and his sentence under § 841(b)(1)(D) and that the court failed to use this amount in sentencing him. Finally, his counsel at time of his plea was ineffective in misinforming him on the potential penalty he faced on count two that was dismissed pursuant to the plea agreement.

## GENERAL § 2255 STANDARDS

A district court may grant relief under § 2255 if it determines "that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. "Review under § 2255 is not an alternative to appellate review for claims that could have been presented on direct appeal but were not." *United States v. Magleby*, 420 F.3d 1136, 1139 (10th Cir. 2005), *cert. denied*, 547 U.S. 1097 (2006). The defendant here did not take a direct appeal so he must overcome this procedural bar by showing either of "two well recognized exceptions" are applicable here. *See United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004), *cert. denied*, 544 U.S. 904 (2005). First, the movant must show good cause for not raising the issue earlier and actual prejudice to the movant's defense if the issue is not considered. *Id.* Cause may "be established by showing that counsel rendered constitutionally ineffective assistance." *United States v. Wiseman*, 297 F.3d 975, 979 (10th Cir. 2002) (citations omitted). Second, the "'failure to consider the federal claims will result in a fundamental miscarriage of justice.'" *Cervini*, 379 F.3d at 990 (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)); *see Bousley v. United States*, 523 U.S. 614, 621-22

(1998) (a showing of actual innocence meets the fundamental miscarriage of justice prong).

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI; *Kansas v. Ventris*, 129 S.Ct. 1841 (2009). To prevail on a claim of ineffective assistance of counsel, the defendant must prove two prongs: first, "that his 'counsel's representation fell below an objective standard of reasonableness,' *Strickland v. Washington*, 466 U.S. 668, 688 (1984)," and second, "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' *id*. at 694." *United States v. Taylor*, 454 F.3d 1075, 1079 (10th Cir. 2005). "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland v. Washington*, 466 U.S. at 697.

On the first prong of objective reasonableness, a court may not find a constitutional deficiency unless defense counsel's performance is "completely unreasonable, not merely wrong." *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999), *cert. denied*, 528 U.S. 1167 (2000). Proof must show the counsel's conduct was not "within the wide range of competence demanded of attorneys in criminal cases." *United States v. Blackwell*, 127

F.3d 947, 955 (10th Cir. 1997) (quotation and citations omitted).  A court is highly deferential in its review of the attorney's performance.  *Strickland*, 466 U.S. at 689.  "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances."  *Kimmelman v. Morrison*, 477 U.S. 365, 281 (1986).

The movant's burden on the second prong of prejudice is to show here that but for counsel's constitutionally ineffective performance there was a reasonable probability that the outcome of his conviction or sentence would have been different.  *See Strickland*, 466 U.S. at 694; Boyd v. Ward, 179 F.3d at 914.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Strickland*, 466 U.S. at 694.

The court is to hold an evidentiary hearing "unless the [§ 2255] motion and files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255; *United States v. Galloway*, 56 F.3d 1239, 1240 n. 1 (10th Cir. 1995).  The defendant has the burden to allege facts that would entitle him or her to relief upon proof.  *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *cert. denied*, 517 U.S. 1235 (1996).  "[T]he allegations must be specific and particularized, not general or conclusory."  *Id*.

**DISCUSSION AND ANALYSIS**

<u>ISSUE ONE</u>:  Counsel's Failure to File Notice of Appeal

   The defendant has repeatedly asserted in conclusory terms that his sentencing counsel did not file a notice of appeal after the defendant requested him to do so.  "[A] lawyer who disregards specific instructions to perfect a criminal appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial."  *United States v. Snitz*, 342 F.3d 1154, 1156 (10th Cir. 2003) (citations omitted). "[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit."  *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (quoting *Peguero v. United States*, 526 U.S. 23, 28 (1999)).  The rationale behind this rule is plain:

> This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

*Roe*, 528 U.S. at 477.  This rule applies even if the defendant waived significant appellate rights in his plea agreement.  *United States v. Garrett*, 402 F.3d 1262, 1266-67 (10th Cir. 2005).  Thus, if the defendant actually asked his counsel to file a notice of appeal and his counsel ignored his request, then the defendant is entitled to a delayed appeal.

   While courts generally conduct an evidentiary hearing to

determine whether a defendant has made this request of his counsel, there is authority in this circuit for requiring the defendant first to show he is entitled to an evidentiary hearing. The Tenth Circuit recently clarified that its prior orders remanding for evidentiary hearings do "not imply that a habeas petitioner is automatically entitled to an evidentiary hearing merely because he makes a bald allegation that his attorney refused to file an appeal." *United States v. Harrison*, 375 Fed. Appx. 830, 833, 2010 WL 1225617 at *2 (10th Cir. 2010). The circuit panel relied upon the Supreme Court's interpretation of § 2255(b):

> In *Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), the Supreme Court remanded in a § 2255 case for an evidentiary hearing after finding that "the District Court did not proceed in conformity with the provisions of 28 U.S.C. § 2255, when it made findings on controverted issues of fact . . . without a hearing." *Id.* at 494, 82 S.Ct. 510. The Court was careful to note, however, that Mr. Machibroda had made detailed and specific factual allegations that he had received certain promises from the Assistant United States Attorney. *Id.* at 489-90, 495, 82 S.Ct. 510. In this light, the Court emphasized that it did not seek
>> to imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be. The language of [§ 2255] does not strip the district courts of all discretion to exercise their common sense. Indeed, the statute itself recognizes that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner.
> *Id.* at 495, 82 S.Ct. 510; see also Blackledge v. Allison, 431 U.S. 63, 75, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) ("The allegations in this case were not in themselves so 'vague [or] conclusory' as to warrant dismissal for that reason alone." (brackets in original) (citation omitted)).

*Harrison*, 375 Fed. Appx. at 833. The circuit panel in *Harrison* concluded that no reasonable jurist would find the movant entitled to an evidentiary hearing based on the movant's conclusory allegation that his counsel had refused his request to file an appeal:

> Indeed, even though the habeas form he filed with the district court required him to "[s]tate the facts supporting each ground" of relief he claimed, see R. at *834 7 (§ 2255 Petition, filed May 29, 2009), and even after the district court dismissed his claim because he failed to provide "any credible testimony" to support it, see R. at 151, Mr. Harrison again fails on appeal to present detailed and specific facts to back up his allegation. Without such facts, his claims are vague, conclusory, and palpably incredible, and he cannot make a substantial showing of the denial of a constitutional right.

*Id.* at 833-34. The district courts have followed *Harrison* and denied evidentiary hearings when the movant asserts no more than a bare allegation that he asked his attorney to appeal. *See, e.g.*, *United States v. Fernandez*, 2011 WL 1541280 at *9 (D. Kan. Apr. 21, 2011), *cert. of appealability denied*, 2011 WL 3677794 (10th Cir. Aug. 23, 2011) ; *United States v. Gutierrez*, 2011 WL 1457305 at *3 (D. Kan. Apr. 15, 2011), *appeal dismissed*, 2011 WL 4000826 (10th Cir. Sep. 9, 2011) ; *United States v. Lester*, 2011 WL 3489994 at *7-*8 (D. Kan. 2011). This approach certainly is consistent with the general rule that a court may forego an evidentiary hearing if the movant's factual allegations are "contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact." *United States v. Caraway*, 2010 WL 3721689 at *2 (D. Kan. Sept. 15,

2010) (citing *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)), *cert. of appealability denied*, 417 Fed. Appx. 828 (10th Cir. Mar. 30, 2011), *petition for cert. filed*, --- U.S. --- (No. 11-6772 Jun. 7, 2011); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) ("rejecting ineffective assistance of counsel claims which are merely conclusory in nature and without supporting factual averments")).

Against this line of authority, the defendant's request for an evidentiary hearing does not prevail. The court has reviewed closely all of the defendant's pleadings and finds no instance where he has presented detailed and specific facts to back up his allegation that he requested his sentencing counsel to file an appeal. Before the Tenth Circuit, the defendant argued in his *pro se* response to the government's motion to dismiss that his counsel was ineffective in not filing a timely notice of appeal, but he did not affirmatively assert there that he had specifically requested his counsel to file a notice of appeal. In his habeas petition, the defendant includes the following as a supporting fact to his first ground for relief: "Sentencing Counsel, Thomas D. Lemon, failed to file a notice of appeal in this case, as requested by petitioner to do so." (Dk. 57, p. 4). The defendant's petition refers to his memorandum in support, but this filing offers no more facts or details to support this bare allegation. Instead, the defendant speculates that his sentencing counsel's motion for extension of time filed with the

Tenth Circuit shows his sentencing counsel was "aware of . . . [the defendant's] request to file a notice of appeal" and "was willing and ready to argue that . . . [the defendant's] notice of appeal was timely." (Dk. 58, pp. 7, 8). The defendant creatively imagines his counsel chose not to file an affidavit or motion with the Tenth Circuit opposing the defendant's *pro se* allegation of ineffective assistance and instead filed a motion for extension of time, because his counsel was admitting the defendant's allegation on ineffectiveness or was taking the "opportunity to right a wrong." *Id.* at 9. The court summarily rejects such arguments as speculative, fanciful, and untenable. The Tenth Circuit record establishes that sentencing counsel attempted to withdraw as appellate counsel, but the Tenth Circuit first directed counsel to file a response to the government's motion to dismiss and this was what prompted counsel to seek an extension to fulfill the Tenth Circuit's requirement. The court finds nothing in the extension motion to suggest any admission or position from counsel on the defendant's allegation of ineffective assistance. More importantly, counsel never filed a response, as the Tenth Circuit later allowed him to withdraw. Thus, the defendant's petition and supporting memorandum do not show he is entitled to an evidentiary hearing.

The government's response to the § 2255 petition specifically challenges the defendant's allegations on this issue as vague, conclusory and

insufficient to warrant an evidentiary hearing:

> In this case, the defendant does not support his factual claim that he requested his attorney to file a notice of appeal with any detailed and specific facts.  Rather, he simply asserts in conclusory fashion that his counsel "failed to file a notice of appeal in this case, as requested by petition to do so" . . . and offers variations on this claim in his supporting Memorandum. . . .  The defendant does not explain where or when he requested his counsel to file the notice of appeal, nor does he allege that he made the request within the 14-day time limit to file such a notice as provided under Federal Rule of Appellate Procedure 4(b)(1)(A)(I).

(Dk. 61, pp. 9) (footnote omitted).  In reply, the defendant does not come forward with any specific facts but stands on the same conclusory allegations as somehow entitling him to a hearing.

The defendant's filing offers no more than his bald allegation that he requested his attorney to file the appeal.  "The Court finds no reference to time, place, or manner of any conference between defendant and his counsel, to the content of their discussions, to the means by which defendant 'informed' counsel of his wishes to appeal, or to any other detail which would lend the requisite specificity or credibility to this allegation." *United States v. Lester*, 2011 WL 3489994 at *7.  Circumstances pointing to the credibility of this allegation are important in that the evidence of record shows the defendant had knowingly waived his right to appeal a sentence imposed with the guideline range and the court here imposed a sentence within the properly calculated guideline range and the express terms of the plea agreement.  This explicit waiver of the right to appeal that was openly

13

discussed at the defendant's change of plea hearing and then acknowledged at sentencing undermines the credibility and reliability of the defendant's bare allegation that he requested his counsel to file an appeal. *See Rosario v. United States*, 2010 WL 3291805 at *5 (S.D.N.Y. 2010). Without specific and detailed factual allegations to back up his allegation, the plaintiff's claim is vague, conclusory and palpably incredible. The defendant has failed to carry his burden for relief and to show he is not entitled to an evidentiary hearing.

<u>ISSUE TWO</u>: Insufficient Evidence to Sustain 21 U.S.C. § 841(b)(1)(D) Conviction and Sentencing Error by Not Using U.S.S.G. § 2D1.1(c)(17)

The defendant argues the evidence at the time of his arrest establishes that he "was not distributing marijuana in a sense to make profit, with the intent to sale," but rather he was just using drugs as shown by the officer detecting the strong odor coming from the defendant's vehicle. (Dk. 57, p. 4; Dk. 58 pp. 10-13). In the defendant's opinion, the amount of marijuana seized in the arrest does not support any intent to distribute and is more consistent with misdemeanor conduct and the guideline sentencing range calculated from U.S.S.G. § 2D1.1(c)(17). The defendant asserts his trial counsel and sentencing counsel were ineffective, "as neither attorney ever attempted to provide arguments nor objections 'that there was simply no sufficient evidence in the case, beyond that of misdemeanor conduct, for treating petitioner's conviction and sentence as a felony distribution

offense.'"  (Dk. 58, p. 15).

The defendant's allegations are insufficient for relief, and the record establishes these allegations to be palpably incredible.  The defendant pleaded guilty to the offense charged in count one, that is,  knowingly and intentionally possessing with the intent to distribute less than 50 kilograms of a mixture or substance containing a detectable amount of marijuana in violation of 21 U.S.C. § 841(a)(1) with reference to the penalty provision at 21 U.S.C. § 841(b)(1)(D).  (Dk. 53, p. 8).  By pleading guilty unconditionally, the defendant as a matter of law has admitted all material facts charged in the indictment.  *See United States v. Broce*, 488 U.S. 563, 569 (1989).[1]  "[I]it is well established that a guilty plea is an "admission that [the accused] committed the crime charged against him." *North Carolina v. Alford*, 400 U.S. 25, 32 (1970).  As the change of plea hearing transcript confirms, the defendant admitted to entering his plea by his own free will and because he was guilty of that count.  (Dk. 53, pp. 8-9).

At the hearing, the government also presented the factual basis

---

[1]"A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack." *United States v. Broce*, 488 U.S. 563, 569 (1989)

to which the parties stipulated in the plea agreement, and this included:

> After making contact with the defendant, the officer asked the defendant to step out of the truck, at which time the officer noticed a plastic baggy protruding from the defendant's jeans. Officer Schulz then conducted a search of the defendant's person and determined that the plastic baggy was protruding from the front of the defendant's underwear and that the defendant appeared to be wearing multiple pairs of underwear.
>
> Officer Schulz removed the baggy and observed that it contained nine smaller bags of what he believed, based on his training and prior experience, to be marijuana. The defendant volunteered that the substance was marijuana as the officer was removing it. . . . After being provided with a *Miranda* warning, the defendant spoke with officers and admitted that he used and sold marijuana.

(Dk. 53, pp. 12-13). The defendant told the court that the evidence as summarized by the government's presentation was "true." *Id.* at 14. The defendants sworn statements at his change of plea of hearing "carry a strong presumption of verity" such that a court may summarily dismiss as incredible the defendant's later offer of "conclusory allegations unsupported by specifics." *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (citations omitted). "Accordingly, the truth and accuracy of a defendant's statements during the Rule 11 proceeding should be regarded as conclusive in the absence of a believable, valid reason justifying a departure from the apparent truth of his Rule 11 statements." *United States v. Weeks*, 653 F.3d 1188, 1205 (10th Cir. 2011) (internal quotation marks and citation omitted). The court found that the defendant "freely, voluntarily, knowingly and understandingly" entered an informed plea of guilty and that his plea was

"supported by an independent basis in fact containing each of the essential elements of the offense."  (Dk. 53, p. 26).  The defendant does not come forward with a valid and believable reason for not accepting his Rule 11 statements as truthful.  The physical evidence, in particular the nine smaller packages of marijuana hidden in the defendant's clothing along with a firearm, is fully consistent with distribution activities as well as the defendant's own post-arrest admission.

Under this issue, the defendant also contends the court should have sentenced him consistent with the guideline provision at U.S.S.G. § 2D1.1(c)(17).  There is no factual or legal merit to this contention.  The PSR in this case calculated the defendant's sentence pursuant to § 841(b)(1)(D) and used the base offense level of six corresponding to U.S.S.G. § 2D1.1(c)(17).  The PSR also correctly determined that the defendant's criminal record met the definition of a career offender pursuant to U.S.S.G. § 4B1.1(b)(E) and that this resulted in a base offense level of 24.  As the sentencing guidelines specify, "if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply."  U.S.S.G. § 4B1.1(b).  At sentencing, the court noted the defendant's prior convictions resulting in his career offender designation, the higher base offense level, and the criminal history category of six.  (Dk. 55, p. 5).

Consequently, the defendant's argument that the court wrongly applied the sentencing guidelines is devoid of legal merit.

<u>ISSUE THREE</u>:  Ineffective Trial Counsel Misinformed Defendant on Applicability of Armed Career Criminal Provision on Count Two

In deciding to plead guilty to count one, the defendant complains his trial counsel erroneously advised him that he could be sentenced for 15 years to life as an armed career criminal on the count two charge of felon in possession of a firearm.  The defendant relies on the PSR's application of U.S.S.G. § 4A1.1 in treating his four separate counts of residential burglary as but one conviction to argue that he lacked the required three prior convictions for the ACCA provision.  As the government correctly argues, the defendant did not receive erroneous legal advice from his counsel.

The ACCA establishes a 15-year mandatory minimum term for a defendant convicted of being a felon in possession of a firearm if that defendant "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  The ACCA defines "violent felony" to include "any crime punishable by imprisonment for a term exceeding one year . . . that is burglary."  18 U.S.C. § 924(e)(2)(B)(ii).  "'[A] person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of exact definition or label having the basic elements of unlawful or unprivileged entry into, or remaining in, a

18

building or structure, with intent to commit a crime.'" *United States v. Ramon Silva*, 608 F.3d 663, 665 (10th Cir. 2010) (quoting *Taylor v. United States*, 495 U.S. 575, 599 (1990)), *cert. denied*, 131 S. Ct. 1473 (2011).

The defendant's memoranda fail to show that his counsel's advice fell below the objective standard of reasonableness. There is nothing of record to dispute that the defendant's 2002 Kansas conviction for burglary of a non-dwelling pursuant to K.S.A. 21-3715(b)[2] qualifies as a prior violent felony conviction. The PSR discloses that in 2005 the defendant was convicted of four counts of residential burglary. The defendant argues his counsel failed to recognize that these four counts would only be regarded as one conviction under § 924(e). Citing case law interpreting and applying the guideline provisions at U.S.S.G. § 4A1.2, the defendant points to the four counts being charged in one case and consolidated for trial and sentencing. The defendant's argument and analysis are wide of the mark for § 924(e) prior convictions. *See Brown v. United States*, 636 F.3d 674, 675-76 (2nd Cir. 2011) (case law interpreting prior convictions "committed on occasions different from one another" for purposes of § 924(e) is controlling and reliance on U.S.S.G. § 4A1.2 "is misplaced.").

---

[2]The government furnished as an exhibit the complaint from the state case showing the defendant was charged with burglary of a building (Topeka West High School) in violation of K.S.A. 21-3715(b). The elements of this Kansas statute correspond with basic elements of a generic burglary defined in *Taylor*. The defendant's counsel correctly considered this conviction to qualify as an ACCA prior conviction.

An enhanced sentence under the ACCA is based on prior convictions that "arise from separate criminal transactions" and that are "distinct in time." *United States v. Michel*, 446 F.3d 1122, 1134 (10th Cir. 2006) (internal quotation marks and citations omitted). In *Michel*, the court observed that the ACCA was applied and upheld in *United States v. Tisdale*, 921 F.2d 1095 (10th Cir. 1990), *cert. denied*, 502 U.S. 986 (1991), for three burglaries successively committed at three different structures within a mall in a single night. Consequently, the *Michel* court had no difficulty finding three prior convictions for "three successive criminal incidents at three separate locations against three different victims" even though "all occurred within a short period of time." 446 F.3d at 1134. It is no surprise then that in *United States v. Green*, 967 F.2d 459, 461 (10th Cir.), *cert. denied*, 506 U.S. 963 (1992), the Tenth Circuit upheld applying the ACCA on three predicate convictions that were the result of a single judicial proceeding because the offenses were committed on different occasions. "[T]he separateness of prior crimes is inherent in the fact of conviction," and "[t]he time, place and substance of the prior convictions can ordinarily be ascertained from court records associated with those convictions." *United States v. Harris*, 447 F.3d 1300, 1304 (10th Cir. 2006).

The government has attached the amended information from the 2005 state case showing that the four burglary convictions involved

20

successive burglaries committed on March 17th at four separate dwellings in Shawnee County, Kansas.  Even though all four burglaries occurred on the same day, there is nothing in the charging document, and the defendant offers nothing in his memoranda, that would sustain a reasonable argument for treating the four distinct burglaries as a single criminal episode.   The four burglaries occurred at four different locations.  The distance between the different locations meant that after each burglary the defendant ceased his criminal activity and was presented with another occasion to commit a separate offense.  At each location, the defendant chose to commit a separate criminal episode at a different point in time.  *Michel*, 446 F.3d at 1134.  On these facts, the defendant's trial counsel correctly advised the defendant that he faced an ACCA enhanced sentence on count two.

As now required by Rule 11 of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Such a certificate "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). This standard requires the applicant to demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484

(2000) (quotations omitted).  As the above ruling shows, no reasonable jurist would debate that the defendant's arguments should have been resolved differently or that the issues are worthy of more consideration.  The court will not issue a certificate of appealability for this order.

IT IS THEREFORE ORDERED that the defendant's motion for relief pursuant to 28 U.S.C. § 2255 (Dk. 57) and supporting memoranda of law (Dks. 58, 59 and 62) are denied;

IT IS FURTHER ORDERED that a certificate of appealability is denied.

Dated this 1st day of November, 2011, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge